UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST AESTHETIC SURGERY NJ,<br><br>Plaintiff,<br><br>-against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, East Coast Aesthetic Surgery NJ ("Plaintiff"), on assignment of Emma B., by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Cigna Health and Life Insurance Company ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a New Jersey medical practitioner registered to do business in the State of New Jersey with a principal place of business at 125 Prospect Avenue, Hackensack, New Jersey, 07601.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance plan at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

## FACTUAL BACKGROUND

4. Plaintiff is a medical provider who specializes in plastic and reconstructive surgery.

1

5. On July 13, 2022, Plaintiff performed surgical treatment on a baby identified as E.B. ("Patient"), to treat congenital ear deformities. (*See*, **Exhibit A**, attached hereto.)

6. At the time of her treatment, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

7. As an out of network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's treatment of Defendant's members.

8. However, prior to his treatment, Patient was granted an in-network exception under authorization number OP1248979640.

9. An in-network exception is where an insurance carrier agrees to extend insurance coverage for out-of-network treatment, even if out-of-network coverage is otherwise unavailable, and in a manner that imposes no greater cost-sharing on the patient than if the patient had undergone in-network treatment.

10. Pursuant to the terms of the in-network exception, Patient was entitled to insurance coverage for Plaintiff's treatment under which her liability for the treatment would be limited to the cost-sharing that would apply had the treatment been performed by an in-network doctor.

11. Patient assigned her health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

12. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment in the amount of $39,600.00. (*See*, **Exhibit C**, attached hereto.)

13. In response to Plaintiff's claim, Defendant issued payment in the amount of $7,962.99 and applied $25.00 towards Patient's co-pay responsibility. (*See*, **Exhibit D**, attached hereto.)

14. Plaintiff submitted multiple internal appeals challenging Defendant's reimbursement as inconsistent with the terms of Patient's insurance plan and inconsistent with the terms of the in-network exception that Defendant granted.

15. However, upon information and belief, Defendant failed to respond to Plaintiff's appeals.

16. Under the terms of the in-network exception, Defendant had an obligation to process Plaintiff's claim in a manner that would expose Patient to no greater cost-sharing than if the treatment was performed by a network provider.

17. In order to comply with the in-network exception that Defendant granted, Defendant was obligated to either pay Plaintiff's billed charges, or negotiate an agreeable rate with Plaintiff.

18. Here, rather than pay Plaintiff's charges or negotiate an agreeable rate, Defendant issued a unilateral payment amount of $7,962.99, applied a $25.00 co-pay, and disregarded the remainder of Plaintiff's charges.

19. As a result, Plaintiff has been damaged in the amount of $31,612.01.

20. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. Plaintiff avers this Count to the extent ERISA governs this dispute.

23. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

24. Plaintiff has standing to seek such relief based on the assignments of benefits obtained by Plaintiff from Patient.

25. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

26. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

27. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

30. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

31. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

32. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

33. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

34. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such

other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

35. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

36. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $31,637.01;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under her applicable insurance plans or policies issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: Oakland, New Jersey
March 2, 2023

                                          GOTTLIEB AND GREENSPAN, LLC
                                        *Attorneys for Plaintiff*


By:   /s/ Michael Gottlieb
        Michael Gottlieb
        169 Ramapo Valley Road, Suite ML3
        Oakland, New Jersey 07436
        (201) 644-0896